Carolyn Hunt Cottrell (SBN 166977)
Nicole N. Coon (SBN 286283)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

Attorneys for Plaintiff David Krueger and the putative Class

Joseph A. Schwachter (SBN 108124)
R. Keith Chapman (SBN 282331)
Littler Mendelson, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108

Attorneys for Defendant Mistras Group, Inc.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KRUEGER, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MISTRAS GROUP, INC.; and DOES 1-50, inclusive,<br><br>Defendant. | **CLASS ACTION**<br><br>Case No.: 2:15-cv-01069-MCE-DAD<br><br>Hon. Morrison C. England. Jr.<br><br>**STIPULATION AND ORDER FOR COURT APPROVAL OF DISMISSAL WITHOUT PREJUDICE**<br><br>Complaint Filed: April 10, 2015<br>Removed: May 18, 2015 |

# STIPULATION

Plaintiff David Krueger, on behalf of himself and all others similarly situated, ("Plaintiff") and Defendant Mistras Group, Inc. ("Defendant") hereby respectfully submit this Stipulation for Court Approval of Dismissal Without Prejudice pursuant to Federal Rules of Civil Procedure 23(e) and 41, to dismiss the case before the United States District Court, Eastern District of California in order to coordinate the matter by way of amended complaint with the *Viceral* action proceeding before the Northern District.

WHEREAS on April 10, 2015, Plaintiff filed in the Superior Court of California, County of Kern a class action complaint entitled *David Krueger, et al. v. Mistras Group, Inc., et al.*, No. S-1500-CV-284570 ("*Krueger*"). (ECF Docket No. 1-2.) Therein, on behalf of himself and a putative class of similarly situated individuals, Plaintiff alleges that Defendant: (1) failed to authorize and permit and/or make available meal periods pursuant to California Labor Code sections 226.7 and 512; (2) failed to pay for all hours worked pursuant to California Labor Code section 1194; (3) failed to pay overtime wages pursuant to California Labor Code sections 510, 1194; (4) failed to provide accurate wage statements pursuant to California Labor Code section 226 ; (5) failed to pay all wages due at separation pursuant to California Labor Code sections 201 through 203; (6) violated California Business and Professions Code sections 17200, *et seq.*; and (7) violated the California Private Attorneys General Act, California Labor Code sections 2699 *et seq.*.

WHEREAS on May 12, 2015, Defendant filed in the Superior Court of California, County of Kern, an Answer in which it generally denied each and every allegation contained in Plaintiff's Complaint.  (ECF Docket No. 1-4.)

WHEREAS Defendant removed the state court action to this federal district court on May 18, 2015. (ECF Docket No. 1.)

WHEREAS Defendant filed a Notice of Related Case on May 27, 2015, identifying the related action: *Edgar Viceral, et al. v. Mistras Group, Inc., et al.*, No. CGC-15-545291, proceeding before the Honorable Edward M. Chen in the United States District Court, Northern District of California ("*Viceral*"). (ECF Docket No. 3.) *Viceral* was filed on April 13, 2015 in the Superior Court of California, County of San Francisco. (*Viceral* ECF Docket No. 1.) *Viceral* has been filed as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA") and as a class action.  Specifically, Viceral alleges that Defendant: (1) failed to pay overtime wages pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;, (2) failed to pay overtime wages pursuant to California Labor Code sections 510, 1194; (3) failed to authorize and permit meal periods pursuant to California Labor Code sections 226.7, 510; (4) failed to authorize and permit rest periods pursuant to California Labor Code section 226.7; (5) failed to provide accurate wage statements pursuant to California Labor Code section 226; (6) failed to pay all earned wages up on separation from employment pursuant to California Labor Code sections 200 through 203;  (7) violated California Business and Professions Code sections 17200, *et seq.*; and (8)  violated the California Private Attorneys General Act, California Labor Code sections 2699 *et seq*.

WHEREAS Defendant also filed a Notice of Other Action or Proceeding on May 27, 2015 in the *Viceral* action, alerting the Court and Parties of the *Krueger* action. (*Viceral* ECF Docket No. 4.)

WHEREAS following the filing of these Notices, the Parties in both actions met and conferred on numerous occasions to address the relationship and possible coordination of the matters. The Parties agree that the parties and some of the substantive claims in this matter overlap with the parties and substantive claims in the *Viceral* case, and that coordination of the two matters before a single Court is appropriate.

WHEREAS the Parties have agreed that *Krueger* will be combined with *Viceral* before the Honorable Judge Chen in Northern District of California by way of filing an amended complaint in *Viceral* and adding the *Krueger* parties, counsel, and claims to the complaint.

WHEREAS the Parties further agree that they must submit a stipulated request for dismissal of the *Krueger* action pursuant to Federal Rules of Civil Procedure 23(e) and 41 in order to successfully add the *Krueger* parties and claims to the *Viceral* action. Specifically, Rule 23(e) provides, "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." FED. R. CIV. P. 23(e). Rule 41(a)(1)(A)(ii) further provides, "[s]ubject to Rule[] 23(e) . . . and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).

WHEREAS the Parties now petition the Court to approve their request that the *Krueger* action be dismissed without prejudice.

WHEREAS the Parties further request that the Court dismiss the case without a hearing and without notice to class members because the dismissal will not prejudice the class. This matter is largely duplicative of *Viceral*, and the *Viceral* action continues to proceed before Judge Chen in the United States District Court, Northern District of California, notice of the pendency of *Krueger* has not been provided to the class, and *Krueger* has not progressed to the class certification stage. Succinctly, dismissal of this action will not prejudice the class because their claims are being litigated in *Viceral*.

WHEREAS Plaintiffs will prepare a First Amended Complaint to be filed in *Viceral*, adding the *Krueger* parties and claims, and circulate it to Defendant for its review. Defendant will provide Plaintiffs with its written consent permitting Plaintiffs to file the First Amended Complaint.

AND WHEREFORE the Parties stipulate and agree that:

The Court should dismiss the *Krueger* action without prejudice. The dismissal should be without a hearing and without notice to class members because the dismissal will not prejudice the class in light of the pendency *Viceral*.

A Proposed Order is included below to this stipulation for the Court's signature.

Respectfully Submitted,

Dated: September 4, 2015                Signed:  */s/ Carolyn Hunt Cottrell*
                                                CAROLYN H. COTTRELL
                                                SCHNEIDER WALLACE
                                                COTTRELL KONECKY WOTKYNS LLP

                                                Attorneys for Plaintiff David Krueger and the Proposed Class

Dated:  September 4, 2015                Signed:  */s/ R. Keith Chapman*
                                                JOSEPH A. SCHWACHTER
                                                R. KEITH CHAPMAN
                                                LITTLER MENDELSON, P.C.

                                                Attorneys for Defendant Mistras Group, Inc.

**ORDER ON STIPULATION**

Having reviewed the Parties' request, pursuant to Federal Rules of Civil Procedure 23(e) and 41, for Court approval of the voluntary dismissal without prejudice of *Krueger*, the Court hereby **GRANTS** the Parties' request as follows:

1. The Court grants the Parties' request to voluntarily dismiss *Krueger* without prejudice;
2. The Court will dismiss the case without a hearing;
3. The Court will dismiss the case without providing notice to the class because:
    a. Notice of pendency of the action has not been provided to the class, and the court has not yet ruled on class certification; and

5
STIPULATION AND ORDER FOR COURT APPROVAL OF DISMISSAL WITHOUT PREJUDICE
*Krueger, et al. v. Mistras Group, Inc., et al.*, Case No. 2:15-cv-01069-MCE-DAD

     b.  Dismissal will not prejudice class members in light of the pendency of *Viceral*, to which *Krueger* will be added.

The Court hereby dismisses the action without prejudice.

IT IS SO ORDERED.

Dated: September 8, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

## SIGNATORY ATTESTATION

The e-filing attorney hereby attests that concurrence in the content of the document and authorization to file the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e-filed document.

Dated: September 4, 2015            Signed:  */s/ Carolyn Hunt Cottrell*
                                                         CAROLYN H. COTTRELL
                                                         SCHNEIDER WALLACE
                                                         COTTRELL KONECKY WOTKYNS LLP

                                                         Attorneys for Plaintiff David Krueger and the Proposed Class